**BASIC INSTRUCTIONS**

**1**

**FACE PAGE - INTRODUCTION**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**

COURT'S INSTRUCTIONS
TO THE JURY

Members of the Jury:

Now that you have heard all of the evidence and the argument of counsel, it becomes my duty to give you the instructions of the Court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence of the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.   Neither are you to be concerned with the wisdom of any rule of law stated by me.

# BASIC INSTRUCTIONS

## 2B

## DUTY TO FOLLOW INSTRUCTIONS
## (CORPORATE PARTY INVOLVED)

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case you must not be swayed by any bias or prejudice or favor as to any party.   Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion.   Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life.   A corporation is entitled to the same fair trial at your hands as is a private person. The law is no respecter of persons, and all persons stand equal before the law and are to be dealt with as equals in a court of justice.

# BASIC INSTRUCTIONS

## 3B

## CONSIDERATION OF THE EVIDENCE, ETC.
## (CORPORATE PARTY - AGENTS AND EMPLOYEES)

When a corporation is involved, of course, it may act only through natural persons as its agents or employees; and, in general, any agent or employee of a corporation may bind the corporation by his acts and declarations made while acting within the scope of his authority delegated to him by the corporation, or within the scope of his duties as an employee of the corporation.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

**Requested Instruction No. 12: IMPUTED KNOWLEDGE**

An employee's knowledge of falsity is imputed to the employee's employer when the employee was acting within the course of employment and for the benefit of the employer.[6]

GIVEN:_____

REJECTED: _____

GIVEN IN PART:_____

---

[6] 3 O'Malley, Grenig, and Lee's <u>Federal Jury Practice And Instructions: Civil</u>, § 178.21 (West Pub. Co. 5th Ed. 2000).

**Requested Instruction No. 11: DEFENDANT WILLIAM R. WHYTE**

Even though defendant William R. Whyte was the Chief Executive Officer of Armet Armored

Vehicles, that fact alone does not make him liable under the False Claims Act for the acts of Armet

Armored Vehicles. A corporate officer or director is not liable for the acts of a corporation or a subsidiary

by reason of his office or ownership of shares in the corporation. In order to be liable under the False

Claims Act for the acts of a corporation or subsidiary, the officer must actually participate in the wrongful

acts.

Authority:    *United States ex rel. Thistlethwaite v. Dowty Woodville Polymer, Inc.*, 976 F. Supp. 207,
209-10 (S.D.N.Y. 1997); *Birrane v. Master Collectors, Inc.*, 738 F. Supp. 167, 169 (D.
Md. 1990) ("An individual and a corporation of which that individual is the principal are
separate legal entities.").

# BASIC INSTRUCTIONS

# 4

# CREDIBILITY OF WITNESSES

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony.   In weighing the testimony of a witness you should consider:
1) his relationship to the Plaintiff or to the Defendant;
2) his interest, if any, in the outcome of the case;
3) his manner of testifying;
4) his opportunity to observe or acquire knowledge
        concerning the facts about which he testified;
5) his candor, fairness and intelligence; and
6) the extent to which he has been supported or
        contradicted by other credible evidence.
You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact.   You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

# BASIC INSTRUCTIONS

## 5A

## IMPEACHMENT
## (CONTRADICTORY EVIDENCE OR
## INCONSISTENT STATEMENTS)

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

# BASIC INSTRUCTIONS

# 6

# EXPERT WITNESSES

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state his opinion concerning such matters.

You should consider ~~each~~ the expert opinion received in evidence in this case and give it such weight as you may think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

# BASIC INSTRUCTIONS

# 7A

# BURDEN OF PROOF
# (GENERALLY)

The burden is on the Plaintiff in a civil action such as this to prove every essential element of his claim by a "preponderance of the evidence," which is the greater weight of the evidence.   A preponderance of the evidence means such evidence as, when considered   and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.   In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.   If the proof should fail to establish any essential element of the plaintiff's claim by a preponderance of the evidence, the jury should find for the Defendant as to that claim.

**Requested Instruction No. 4:  DEFENDANT WILLIAM R. WHYTE**

You have heard Defendant William R. Whyte decline to answer certain questions on the grounds of his Fifth Amendment privilege against self-incrimination.

The Fifth Amendment of the United States Constitution affords every person the right to decline to answer any questions if he or she believes that the answers may tend to incriminate them. However, in civil cases, you are permitted, but not required, to draw the inference that the withheld information would have been unfavorable to Mr. Whyte.

Any inference you may draw should be based upon all of the facts and circumstances in this case as you may find them.

Authority:     Leonard B. Sand *et al.*, Modern Federal Jury Instructions - Civil (2010) ¶ 75.01,
                    Instruction 75-5.

**Requested Instruction No. 5:  PREPONDERANCE OF THE EVIDENCE**

The mere existence of an inference against a Defendant does not relieve the Relator of the

burden of establishing his case by a preponderance of the evidence.

Authority:       Leonard B. Sand *et al.*, Modern Federal Jury Instructions - Civil (2010) ¶ 75.01,
                 Instruction 75-2.

**Requested Instruction No. 1:  USE OF EVIDENCE**

You will recall that during the trial I instructed you that certain evidence was being admitted for a limited purpose. You must consider this evidence only for that limited purpose and for no other.

Authority:      Adapted from O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions (5th Ed.) § 102.40 (Limited Purpose Evidence).

**Requested Instruction No. 8: QUESTIONS POSED TO WITNESSES**

If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence, unless they are adopted by a witness.

**Requested Instruction No. 3:  DEFENDANTS**

Although the defendants in this trial are being represented by the same counsel, you are not to treat them as one person. Each defendant is entitled to your separate consideration. The question of whether liability has been proven is personal to each defendant and must be decided by you as to each defendant individually.

[ ]²

Authority: Leonard B. Sand *et al.*, Modern Federal Jury Instructions - Civil (2010) ¶ 71.01, Instruction 71-8 (modified).

---

² The following text from the model instruction was deleted because it is inapplicable in this case where all the Defendants share the same counsel: "You may have noticed throughout the trial that counsel for various defendants have consulted with each other and have divided the work of the trial in an effort to facilitate their presentation and to avoid duplication. This does not mean that the defendants' cases are to be viewed together. Again, the issue of each defendant's liability is personal and must be decided by you as to each defendant individually."



**Requested Instruction No. 13: NATURE OF THE ACTION**

  The Relator, Frank Skinner, alleges that from 2006 through 2008, Defendants Armet Armored Vehicles, Inc. and William R. Whyte presented or caused to be presented claims against the U.S. Government's Joint Contracting Command, Iraq, when the Defendants knew that their claims were false or fraudulent.  The Defendants deny these allegations.[7]

  In 1863, Congress enacted and President Abraham Lincoln signed the False Claims Act, 31 U.S.C. § 3729 et seq. Among its many provisions, the False Claims Act allows a private citizen to bring an action on behalf of the United States Government against any Government contractor who knowingly presented or caused to be presented a false claim for payment to the United States, or who knowingly made or used or caused to be made or used a false record or statement to get a false claim paid or approved by the United States.[8]  The private citizen who brings the action is called the "Relator" and these cases are known as qui tam cases.  In qui tam cases, if you award damages to the United States, the Court will award 25 – 30 percent to Relator, and the remainder of the collected damages are returned to the United States Treasury.[9]

GIVEN: _____

REJECTED: _____

_____

[7] 3 O'Malley, Grenig, and Lee's <u>Federal Jury Practice And Instructions: Civil</u>, § 178.01 (West Pub. Co. 5th Ed. 2000).

[8] 31 U.S.C. § 3730(b); See also United States ex rel. Taxpayers Against Fraud v. GE, 41 F.3d 1032, 1035 (6th Cir. 1994) (A relator "may bring a private civil action on behalf of himself and on behalf of the United States government."); United States ex rel. Kelly v. Boeing, 9 F.3d 743, 748 (9th Cir. 1993), cert. denied, 510 U.S. 1140 (1994) ("The express language of the [False Claims Act] gives relator right to bring suit on behalf of the government.").

[9] 31 U.S.C. § 3730 (d)(2) (if the Government does not intervene, the relator "shall receive an amount which the court decides is reasonable…the amount shall not be less than 25 percent and not more than 30 percent of the proceeds of the action ... ").  See also United States ex rei. Doyle v. Health Possibilities, P.S C , 207 F.3d 335, 340-341 (6th Cir. 2000) ("The relator's right to recovery exists solely as a mechanism for deterring fraud and returning funds to the federal treasury.).

**Requested Instruction No. 14: OVERVIEW OF RELATOR'S FALSE CLAIMS ACT CLAIMS**

In this case, Relator Frank Skinner brings this action against the Defendants Armet Armored Vehicles, Inc. and William R. Whyte under the False Claims Act, claiming that these defendants violated the False Claims Act in connection with their construction of Gurkha armored vehicles that were delivered to the U.S. Military.  Specifically, the Relator alleges that the defendants violated two provisions of the False Claims Act:[10]

(1) That all Defendants violated Section 3729(a)(1) of the False Claims Act by knowingly presenting, or causing to be presented, false or fraudulent claims for payment to the United States.

(2) That all Defendants violated Section 3729(a)(2) of the False Claims Act by knowingly making or using, or causing to be made or used, false records or statements to get false or fraudulent claims paid by the United States.

GIVEN:_____

REJECTED: _____

GIVEN IN PART:_____

---

[10] *First Am. Compl.*, [ECF No. 60]. Counts 1-24.

**Requested Instruction No. 22: FALSE CLAIMS UNDER 31 U.S.C. § 3729(a)(1) - THE ELEMENTS**

Relator alleges that the defendants violated Section 3729(a)(1)(A) of the False Claims Act by presenting false claims for payment for Gurkha armored vehicles. In this case, in order to prevail on their claims under Section 3729(a)(1)(A), Relator must prove by a preponderance of the evidence that:

1. A defendant presented, or caused to be presented, a claim for payment that was false or fraudulent; and

2. That defendant knew that the claim was false or fraudulent, or acted with deliberate ignorance or reckless disregard as to the truth or falsity of the claim.

Under Section 3729(a)(1)(A), an explicitly false statement is not necessary to prove a claim for the violation of the False Claims Act. A Government contractor who knowingly fails to perform a requirement of its contract, and then seeks or receives payment as if it fully performed without disclosing the nonperformance, if you believe there was a duty to disclose such facts, has knowingly presented a false claim to the United States and is liable.[19]

Relator does not need to prove that the United States was damaged in order to prove his claims under Section 3729(a)(1).[20]   Nor do he need to prove that there was a specific intent to defraud by any Defendant.[21]

---

[19] *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776 (4th Cir. 1999); *Harrison v. Westinghouse Savannah River Co.*, 352 F.3d 908 (4th Cir. 2003); *United States ex rel. Augustine v. Century Health Servs.*, 289 F.3d 409, 415 (6th Cir.2002), reh'g enbanc denied, 2002 U.S. App. LEXIS 16358 (6th Cir. July 26, 2002) (claim is false when a defendant fails to provide notice that it was not complying with Medicare regulations as required by contract but continued to receive Government reimbursement for services rendered); *United States ex rel. Compton v. Midwest Specialties, Inc.*, 142 F.3d 296, 304 (6th Cir. 1998) (claim stating that product conforms to contract requirements for inspection when product was not inspected constitutes "reckless disregard").

[20] *United States ex rel. Varljen v. Cleveland Gear Co.*, 250 F. 3d 426, 430 (6th Cir. 2001).

**Requested Instruction No. 23:  FALSE CLAIMS UNDER 31 U.S.C. § 3729(a)(2) - THE ELEMENTS**

Relator also alleges that the defendants violated Section 3729(a)(2) of the False Claims Act by knowingly using false records or statements to get false claims paid.  In this case, in order to prevail on their claims under Section 3729(a)(2), Relator must prove by a preponderance of the evidence that:

(1)     A defendant made or used, or caused to be made or used, a record or statement to get a false claim paid or approved;

(2)     The record or statement was false or fraudulent; and

(3)     The defendant knew that the record or statement was false or fraudulent, or acted with deliberate ignorance or reckless disregard as to whether the record or statement was true or false.

Though they sound very similar, there is an important difference between Sections (a)(1) and (a)(2) of the False Claims Act.  The difference involves the event that triggers liability.  Under Section (a)(1), liability is triggered by knowingly presenting, or causing to be presented, a false claim for payment—even if there is no affirmative false statement when the claim is made.  On the other hand, liability under Section (a)(2) does require Relator to prove that there was an affirmative false statement or record made or used by the defendants to get a false claim paid.[22]  In this case, the affirmative statements or records that Relator contend are false, and thus trigger liability under Section (a)(2), are the Certificates of Conformance signed by defendants Armet Armored Vehicles, Inc. and William R. Whyte.

---

[22] Harrison v. Westinghouse Savannah River Co., 176 F.3d 776 (4th Cir. 1999); Harrison v. Westinghouse Savannah River Co., 352 F.3d 908 (4th Cir. 2003); See United States ex rel. Pickens v. Kanawha River Towing, 916 F. Supp. 702, 707 (S.D. Ohio 1996).

**Relator's Requested Instruction No. 15:  "CLAIM" - DEFINED**

Under the False Claims Act, a "claim for payment" includes any request or demand, whether under a contract or otherwise, for money or property, which is made by a contractor if the United States provides any portion of the money or property which is requested or demanded.[11]   Invoices and requests for progress payments are examples of claims.[12]

The invoices submitted by the defendants for payment for their work on the Gurkha armored vehicles are "claims for payment," as that term is defined in the False Claims Act.  Each separate invoice by the defendants is a separate claim for purposes of the False Claims Act.  The Relator has the burden of proving how many of the defendant's invoices, if any, were "false."

GIVEN:_____

REJECTED: _____

GIVEN IN PART:_____

---

[11] 31 U.S.C. § 3729(c).

[12] *United States v. Bornstein*, 423 U.S. 303 (1976) (request for payment constitutes a "claim"); *United States v. Neifert-White*, 390 U.S. 228, 233 (1968) (the term "claim" under the False Claims Act is to be broadly construed and encompasses "all fraudulent attempts to cause the Government to pay out sums of money"); *United States ex rel. Marcus v. Hess*, 317 U.S. 537 (1943) (collusive bid on government contract constituted claim); *United States ex rel. Augustine v. Century Health Servs.*, 289 F.3d 409, 415 (6th Cir.2002) (claim is false when a defendant fails to provide notice that it was not complying with Medicare regulations as required by contract but continued to receive Government reimbursement for services rendered); *United States ex rel. Schwedt v. Planning Research Corp.*, 59 F.3d 196, 199 (D.C. Cir. 1995), cert. denied, 516 U.S. 1068 (1996) (holding that false progress reports are false "claims" under the statute, and that "each individual false claim or statement triggers the statute's civil penalty"); H.R. Rep. No. 660, 99th Cong., 2d Sess. 21 (1986) (the most common form of a false claim is "a claim for goods or services not provided or provided in violation of a contract term").

**Requested Instruction No. 16: DEFINITION OF "FALSE"**

A claim is "false" if it is an assertion that is untrue when made or when used.21   A claim may be false not only by an affirmative misrepresentation of a fact, but also by the failure to disclose facts without which the claim may be considered misleading.  If you believe there was a duty to disclose such facts, you need not find that a statement or claim by a defendant was explicitly false for it to be false for purposes of the False Claims Act.  An implicit false representation is sufficient.[13] A Government contractor who fails to perform a requirement of its contract, and then seeks or receives payment as if it fully performed its contract without disclosing the nonperformance, if you believe there was a duty to disclose such facts, has presented a "false" claim.[14]

GIVEN:_____

REJECTED: _____

GIVEN IN PART:_____

---

[13] O'Malley, Grenig, and Lee's <u>Federal Jury Practice And Instructions: Civil</u>, § 178.30 (West Pub. Co. 5th Ed. 2000).

[14] *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776 (4th Cir. 1999); *Harrison v. Westinghouse Savannah River Co.*, 352 F.3d 908 (4th Cir. 2003).*United States ex rel. Augustine v. Century Health Services*, 289 F.3d 409, 415 (6th Cir.2002)("[A] false implied certification may constitute a false or fraudulent claim even if the claim was not expressly false when it was filed."); *United States ex rel. Taxpayers Against Fraud v. The Singer Company*, 889 F.2d 1327, 1328 (4th Cir. 1989) (failure to disclose is actionable under the False Claims Act).

23 *United States ex rel. Compton v. Midwest Specialties, Inc.*, 142 F. 3d 296, 304 (6th Cir. 1998).

**Relator's Requested Instruction No. 17: "FALSE OR FRAUDULENT"**

The False Claims Act uses the word "or" when it prohibits "false or fraudulent" claims. A claim is "fraudulent" if it is an assertion that is known to be untrue at the time it was made or used.[15]   Under the False Claims Act, a claim need not be fraudulent so long as it is false.[16]   You should interpret the phrase "false or fraudulent" broadly, as you deem appropriate based on the facts of this case.[17]

GIVEN:_____

REJECTED: _____

GIVEN IN PART:_____

---

[15] O'Malley, Grenig, and Lee's <u>Federal Jury Practice And Instructions: Civil</u>, § 178.31 (West Pub. Co. 5th Ed. 2000).

[16] *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776 (4th Cir. 1999); *Harrison v. Westinghouse Savannah River Co.*, 352 F.3d 908 (4th Cir. 2003). *United States v. Cooperative Grain & Supply Co.*, 476 F.2d 47, 60 (8th Cir. 1973) ("[w]e have decided that a false claim, not only a fraudulent claim, is actionable under the Act...").

[17] *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776 (4th Cir. 1999); *Harrison v. Westinghouse Savannah River Co.*, 352 F.3d 908 (4th Cir. 2003). *United States ex rel. Augustine v. Century Health Servs.*, 289 F.3d 409, 413 (6th Cir.2002), reh'g enbanc denied, 2002 U.S. App. LEXIS 16358 (6th Cir. July 26, 2002)

**Requested Instruction No. 18:  "KNOWING" AND "KNOWINGLY" - DEFINED**

Under the False Claims Act, the terms "knowing" and "knowingly" meant that a person (a) has actual knowledge of the true information, or (b) acts with deliberate ignorance of the truth or falsity of the information, or (c) acts in reckless disregard of the truth or falsity of the information.  It is sufficient for the plaintiff to show merely that the false statement's use resulted in payment or approval of the claim or that government money was used to pay the false or fraudulent claim.

It is not necessary, however, for Relator to prove that the defendants acted with an intent to defraud anyone.[18]

GIVEN:_____

REJECTED: _____

GIVEN IN PART:_____

---

[18] 3 O'Malley, Grenig, and Lee's <u>Federal Jury Practice And Instructions: Civil</u>, § 178.32 (West Pub. Co. 5th Ed. 2000); 31 U.S.C. § 3729(b) (". . . no proof of specific intent to defraud is required.")

**Requested Instruction No. 19:  DELIBERATE IGNORANCE DEFINED**

Relator can prove knowledge by showing "deliberate ignorance."  This means that a defendant deliberately closed its eyes to what would otherwise have been apparent to that defendant.  A finding that a defendant purposely avoided learning all the facts, or suspected a fact but refused to confirm it, also constitutes deliberate ignorance.

GIVEN:_____

REJECTED: _____

GIVEN IN PART:_____

**Requested Instruction No. 20: "RECKLESS" AND "RECKLESS DISREGARD" - DEFINED**

Relator can also prove knowledge by showing "reckless disregard." "Reckless" means with indifference to consequences. If a person makes a representation without knowing whether it is true or not, or makes it without regard to its truth or falsity or to its possible consequences, he must be found to have made the representation recklessly.

Thus, a person acts with "reckless disregard" by making a representation or statement without knowing whether it is true or not, but rather with an absence of concern regarding its truth or falsity.

GIVEN:_____

REJECTED: _____

GIVEN IN PART:_____

**Requested Instruction No. 21: FALSE CLAIMS UNDER 31 U.S.C. § 3729(a)(1) - THE ELEMENTS**

To find a violation or violations of the False Claims Act, you must find that false or fraudulent statements were or would have been material to the payment of the claim. "Material" for these purposes means whether the false statement has a natural tendency to influence agency action or is capable of influencing agency action. To show materiality, the relator need not provide evidence or prove that the Government would not have paid the false claims had it known of the falsity.

Authority:     *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 785 (4th Cir. 1999); *United States ex rel. Berge v. Bd. of Trustees of Univ. of Ala.*, 104 F.3d 1453, 1459 (4th Cir. 1997), *cert. denied*, 522 U.S. 916 (1997); *United States v. Science Applications Intern. Corp.*, 626 F. 3d 1257, 1269 (D.C. Cir. 2010); *United States v. Rogan,* 517 F.3d 449, 452 (7th Cir. 2008).

In addition, as with claims brought under Section (a)(1), Relator do not need to prove that the United States was damaged in order to prevail under Section 3729(a)(2).[23]   Nor do they need to prove that there was a specific intent to defraud by any Defendant.[24]

GIVEN:_____

REJECTED: _____

GIVEN IN PART:_____

---

[23] *United States ex rel. Varljen v. Cleveland Gear Co.*, 250 F. 3d 426, 429, 431 (6th Cir. 2001).

[24] 31 U.S.C. § 3729(b)

**Requested Instruction No. 24:  FALSE CLAIMS ACT – WAIVER IS NOT A DEFENSE TO THE FALSE CLAIMS ACT CLAIMS**

Government acceptance of these vehicles or payment to the vehicles without complaint does not absolve the defendants of liability under the False Claims Act.[25]   You are instructed that even though the Army continued using the Gurkha armored vehicles after buying them from the defendants, that fact is irrelevant as to liability and should not be considered by you because Army employees do not have the authority to waive, release, or compromise claims or to ratify the actions of other Government employees.[26]

GIVEN:_____

REJECTED: _____

GIVEN IN PART:_____

---

[25] *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776 (4th Cir. 1999); *Harrison v. Westinghouse Savannah River Co.*, 352 F.3d 908 (4th Cir. 2003).

[26] *Martin J. Simko Construction, Inc. v. United States*, 852 F. 2d 540 (Fed. Cir. 1988).

**Relator's Requested Instruction No. 25:  BREACH OF CONTRACT**

No claims for breach of contract are before you and it is not up to you to remedy any alleged

breach of contract by Armet Armored Vehicles.  The question in this case is solely whether the

Defendant violated the False Claims Act.

Authority:    *United States ex rel. Owens v. First Kuwaiti Trading & Contracting Co.*, 612 F.3d
724, 726-27 (4th Cir. 2010); ("Congress crafted the FCA to deal with fraud, not
ordinary contractual disputes."); *United States ex rel. Wilson v. Kellogg Brown &
Root, Inc.*, 525 F.3d 370, 373 (4th Cir. 2008) (False Claims does not permit a *qui
tam* relator to "shoehorn what is, in essence, a breach of contract action into a
claim that is cognizable under the [FCA].")

**Requested Instruction No. 28:  COMPUTATION OF DAMAGES UNDER THE FALSE CLAIMS ACT.**

You have been given evidence regarding how the United States was allegedly damaged by the conduct alleged by Relator.  If you find any of the defendants liable under the False Claims Act, you must determine how much, if any, damages the United States suffered because of that defendant's conduct.[28]  In computing any damages suffered by the United States in this case, you do not have to determine the actual damages with precision.[29]  You may make a just and reasonable estimate, based upon relevant facts, and render your verdict accordingly.  You may consider any measure of damages necessary to make the United States completely whole, including: the difference between the market value of the goods received by the United States versus the market value the goods would have had if they had been of the specified quality;[30] the cost of replacing the nonconforming goods;[31] or the amount needed to conduct field inspections, repair work and replacement costs of any defective components.[32]

---

[28] 31 U.S.C. § 3729(a)

[29] *Broan Mfg. Co. v. Associated Distributors, Inc.*, 923 F.2d 1232, 1235 (6th Cir. 1991) (damages should only be precluded "where the fact of damage is uncertain . . . not where the amount of damage alone is uncertain."); *See also Volasco Prods. Co. v. Lloyd A. Fry Roofing Co.*, 308 F.2d 383, 392 (6th Cir. 1962), cert. denied 372 U.S. 907 (1963) (plaintiff is entitled to damages, even if they cannot be computed exactly).

[30] *United States ex rel. Roby v. Boeing Co.*, 302 F.3d 637, 646 (6th Cir. 2002), *citing United States v. Bornstein*, 423 U.S. 303, 316 (1976).

[31] *United States ex rel. Roby v. Boeing Co.*, 302 F.3d 637, 648 n.9 (6th Cir. 2002), *citing Commercial Contractors, Inc. v. United States*, 154 F.3d 1357, 1372-73 (Fed. Cir. 1998).

[32] *BMY Combat Systems v. United States*, 44 Fed. Cl. 141, (1998), *citing Daff v. United States*, 31 Fed. Cl. 682, 695 (1994) ("Costs of inspection and repair incurred by the government as a result of a contractor's false representation that a product passed inspection pursuant to the contract are recoverable as FCA single damages.")

**Requested Instruction No. 29:  THE AUGUST 23, 2006 INVOICE, No. 10103, IS TO BE EXCLUDED FROM THE DAMAGES CALCULATION**

For the purposes of calculating damages you may consider all of the invoices other than the

August 23, 2006 invoice, No. 10103, in the amount of $398, 307.80.

# BASIC INSTRUCTIONS

## 8A

## DUTY TO DELIBERATE
## (WHEN ONLY THE PLAINTIFF CLAIMS DAMAGES)

Of course, the fact that I have given you instructions concerning the issue of the Plaintiff's damages should not be interpreted in any way as an indication that I believe that Plaintiff should, or should not, prevail in this case.

Your verdict must represent the considered judgment of each juror.   In order to return a verdict, it is necessary that each juror agree thereto.   In other words, your verdict must be unanimous.

Remember at all times you are not partisans.   You are judges - judges of the facts.   Your sole interest is to seek the truth from the evidence in the case.

# BASIC INSTRUCTIONS

# 9

# VERDICT FORMS

Upon retiring to the jury room you should first select one of your number to act as your foreman or forewoman who will preside over your deliberations and will be your spokesman here in court. A form of verdict has been prepared for your convenience.

*[Explain verdict]*

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have the foreman fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreman or forewoman, and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.